## JOHN B. COOPER
### v.
## ANNA COOPER.

*Trover—Husband and Wife—Personal Property of Wife—Live Stock—Increase—Instructions.*

1. In an action of trover brought by a widow to recover a number of horses and colts which had been in possession of her husband, this court holds that the evidence sustains the verdict for the plaintiff.

2. It is proper to refuse instructions which are contained, in substance, in others given.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. RICHARDSON BROS., for appellant.

Messrs. WM. POTTER and H. K. WHEELER, for appellee.

UPTON, J. This is an action of trover brought by the appellee to recover the value of a number of horses and colts to which appellee claims ownership, and which it is claimed

appellant, prior to the commencement of this suit, converted to his own use.

The appellee is the widow of John W. Cooper, deceased, and the step-mother of the appellant. It was claimed on the trial in the Circuit Court, on the part of appellee, that in the year 1877 a black brood mare was purchased of one Seymore Delany for sixty or seventy dollars, and paid for by the appellee with her own means. That her husband, John W. Cooper, with whom appellee was then living, purchased this mare for appellee, and she was brought on to, and kept at the farm of her said husband, being a large farm comprising one thousand acres of land, worked and used upon the said farm, and while being so kept produced several colts, and it is for the produce or descendants of this black mare that this suit is brought.

· There was evidence given in the court below tending to show the purchase of this mare for appellee, by and with the advice of her husband, as being the best use to which appellee could put some money she had in her own right, and which she was desirous to invest. That her husband not only advised the purchase of this mare by appellee, but offered to and did, in fact, make the purchase for her, and agreed to keep the mare for appellee upon the farm, and that appellee should have the increase thereof, free of cost to her, seems fairly probable from all the evidence and circumstances in evidence in the case.

It further appears from the evidence that at the death of the husband of appellee, which was about six months prior to the commencement of this suit, there were some eight or nine of the descendants of this black mare living, and which, at the time of the commencement of this suit, were in the possession of the appellant, except one or two thereof, which had been before that time sold by appellant.

It further appears that this black mare and her descendants were kept, in the summer time, in a pasture which formed a part of the farm on which appellee and her husband resided, with other stock, consisting of thirty or more horses and colts, seventy-five or eighty head of horned cattle, and

from 1,000 to 1,800 sheep, the property of appellee's husband; that in the winter time, sometimes a portion of the colts were wintered at the small farm of appellant, which was near to and adjoining that of appellee's husband, and consisted of 100 acres of land; but that appellee had no knowledge or information that appellant claimed to be the owner of the black mare or any of the colts or descendants therefrom until after the death of her husband.

It further appears that at the time of the commencement of this suit appellant had in his possession (or the proceeds of) eight of the descendants of this black mare, which were of the value of $1,020 in the aggregate, for which, before suit was brought, demand was made of appellant, and which he refused to deliver. It was not denied on the part of the appellant that he had these colts in his possession, or the proceeds thereof, or that the number or value thereof was not as above stated, but he insisted and contended that his father, the husband of appellee, purchased the black mare for him, the appellant, under an agreement that appellant was to have the produce of the mare by paying for the service of the horse begetting such produce, which appellant claimed he did, and that therefore these colts and horses here in question were his property, and hence he refused to surrender the same to appellee on her demand therefor.

It was claimed by appellant that, under the alleged agreement with his father, he had had the exclusive control and possession of all the colts and horses here in question for a period of more than five years before the commencement of this suit. The appellant pleaded the general issue and the statute of limitation of five years.

The cause was heard by a jury and a verdict was rendered for the appellee, plaintiff below, in the sum of $1,000, upon which the Circuit Court rendered judgment, after refusing appellant's motion for a new trial, and the case is before us on appeal, and errors are assigned upon the record.

As to the question of the possession of these horses and colts there was some conflict in the testimony, but we think it fairly preponderates in favor of appellee's claim that the

colts were in fact in the possession of John W. Cooper, the father, and not the appellant; at least the evidence upon that point was sufficient to warrant the jury in so finding, and to preclude us from interfering with the verdict for want of evidence on that point to sustain it; and indeed, upon the merits of the case, as shown by the record before us, we think the appellee's contention ought to prevail.

It is insisted, however, by the appellant, that the Circuit Court erred in giving appellee's 1st, 2d and 3d instructions upon the question of notice.

These instructions were not erroneous, under the evidence in the case; nor was the modification by the court of the 4th, 5th and 6th of appellant's instructions on the same point erroneous, and for the same reason.

The refusal of appellant's 9th, 10th, 11th, 12th and 13th instructions by the court was not erroneous, as they had been given, in substance, in other instructions in the case, or were erroneous and were, therefore, properly refused.

Seeing no error in the record before us, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*